527 S.E.2d 810

Russie E. O'Brien PHARES, James C. Phares, Jr., James C. Phares, Sr., Appellees,

v.

Stanley N. VANDEVENDER, Karen Vandevender, Ralph E. Moore and Ruth Moore, Appellees.

Stanley N. Vandevender and Karen Vandevender, Appellees,

v.

Ernest V. Morton, Jr., Executor of The Estate of Harry R. Damron, Deceased, Appellee,

and

Rosemary Parsons, in Her Own Right and as Executrix of the Estate of Viola Meadows, Appellant.

No. 26439.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 2, 1999.

Decided Dec. 14, 1999.

**700**

William M. Talbott, Esq., Webster Springs, West Virginia, Attorney for Appellant.

Harley E. Stollings, Esq., Summersville, West Virginia, Attorney for Appellee, Ernest V. Morton, Jr., Executor of the Estate of Harry R. Damron, Deceased.

Ernest V. Morton, Jr., Esq., Webster Springs, West Virginia, Attorney for Appellees, Russie E. O'Brien Phares and James C. Phares, Jr.

PER CURIAM:

Appellant, third party defendant and cross-claimant below, Rosemary Parsons, in her own right and as executrix of the Estate of Viola Meadows, deceased (hereinafter "Parsons" or "Appellant"), appeals an order of the Circuit Court of Webster County, entered on January 27, 1999, following Appellant's motion for reconsideration. The circuit court denied Appellant's *motion for an accounting* because she was not entitled to any interest in the estate at issue. The Appel-

lant maintains that the trial court abused its discretion in failing to order an accounting of the estate. Based upon a review of the record, the parties' briefs [1] and arguments, as well as all other matters submitted before this Court, we conclude that the trial court did not abuse its discretion. Accordingly, we affirm.

### I. Background Facts

The Phareses filed an action in the Circuit Court of Webster County against the Vandevenders and the Moores on February 19, 1988. The complaint alleged that the Vandevenders and Moores had abused a right-of-way common to all parties and had damaged the Phareses' property. The Phareses acquired their property by way of a codicil of Harry Damron, who died on April 4, 1987. The Vandevenders and Moores acquired their property from Viola Meadows who had acquired the property by an earlier conveyance from Harry Damron. The Vandevenders, as third party plaintiffs, sued the Estates of Damron and Meadows, now deceased, for breach of warranty concerning the conveyances.

The Phareses, Vandevenders and Moores settled the action concerning the right-of-way. A remaining issue, however, was based upon the March 9, 1990, cross-claim of the Estate of Viola Meadows, by Rosemary Parsons, against the Phareses and against the Estate of Harry Damron. The cross-claim alleged that the Phareses had never acquired title to the property because the property had been devised to Viola Meadows under Harry Damron's original will. In addition, the cross-claim alleged that a codicil changing that devise was invalid.

On September 5, 1997, the circuit court entered summary judgment and ruled that the statute of limitations precluded the challenge to the codicil of Harry Damron by Parsons. The order stated:

> The Court therefore finds Kathy Rice Qualls, being a witness to the Codicil,

---

1. Appellees, Ernest V. Morton, Jr., third party defendant below, Russie E. O'Brien Phares and James C. Phares, Jr., plaintiffs below (hereinafter "Morton" and "Phareses" or collectively as "Appellees"), filed a responsive pleading in this ap-

peal; however, the defendants below, Appellees Stanley N. Vandevender, Karen Vandevender, Ralph E. Moore and Ruth Moore (hereinafter "Vandevenders" and "Moores"), did not.

takes nothing under the terms of the Codicil, and the estate devised and bequeathed to her under the Codicil shall be distributed to the beneficiary named in the Will to receive that portion of the estate devised and bequeathed unto Kathy Rice Qualls under the Codicil.

According to Parsons, the ruling translated into a finding that Parsons, rather than Qualls, was entitled to receive the one-fifth [2] share of the residential property ostensibly sold to the Phareses and the one-fifth share of the furniture and household furnishings, because the codicil was only invalidated as to Kathy Rice Qualls.

This Court unanimously refused the appeal in *Phares v. Vandevender,* No. 980158, on April 27, 1998.[3] Parsons then requested the Damron Estate to account to her for the one-fifth interest she alleged she was to receive by virtue of the September 5, 1997, order. The Damron Estate refused and Parsons made a motion requesting that the circuit court require the Damron Estate to account to her for her interest.

The circuit court entered an order on July 27, 1998, stating that the one-fifth share in question would not go to Parsons. Instead, the one-fifth share would be distributed to the other four named beneficiaries, through the codicil. Thus, Parsons was not entitled to an accounting. Parsons moved the circuit court to reconsider. On January 27, 1999, the circuit court entered an order denying Parsons' motion to reconsider this issue because it found that Parsons was not entitled to any interest in the Damron Estate. It is from this order that Appellant now appeals.

## II. Discussion

The issue before this Court is whether the circuit court abused its discretion when it denied Appellant's motion for reconsideration of its earlier order denying her an accounting. Appellant contends the circuit court abused its discretion when it failed to order an accounting of the estate, because the original summary judgment order actually granted her this interest and the intervening refusal by this Court of the appeal of that order rendered the judgment permanent. Appellees argue that the circuit court correctly determined that any action by Appellant is barred by the statute of limitations and, therefore, did not abuse its discretion in failing to order an accounting.[4]

This Court set forth the standard of review for cases such as this in syllabus point two of *Burnside v. Burnside,* 194 W.Va. 263, 460 S.E.2d 264 (1995). In *Burnside,* we held that:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Id.* at 264, 460 S.E.2d at 265.

In the original order dated September 5, 1997, which granted summary judgment in favor of Appellees, the circuit court specifically found the following:

3. The earliest pleading of record herein whereby Rosemary Parsons sought to challenge the validity of the said Codicil was filed in the office of the Clerk of this Court on the 9th day of March, 1990, that being more than two (2) years after the date of recordation thereof, and the date of the County Commission's Order acknowledging the probate of the will.

4. The challenge by Rosemary Parsons to the validity of the Codicil to the Will of Harry R. Damron is precluded by the running of the statute of limitations within which such challenge may be filed pursu-

---

2. As a result of the codicil, there were four other beneficiaries who joined Parsons in having an interest in the property.

3. The appeal was refused 5–0. The issue before this Court in the petition for appeal concerned the validity of the codicil.

4. Because we agree with Appellees' argument that Appellant's action was correctly barred by the relevant statute of limitations, we find it unnecessary to address Appellees' contention that Rule 60(b) of the West Virginia Rules of Civil Procedure expressly reserves to the circuit court the authority to relieve a party or a party's legal representative from a final judgment or order.

ant to *West Virginia Code* Section 41–5–11.

■ At the time Appellant filed her original action challenging the validity of the codicil, West Virginia Code § 41–5–11 (1982) provided that the period within which a will or codicil may be challenged is two years from the date it was admitted to probate.[5] The version of West Virginia Code § 41–5–11 in effect at that time provided:

> After a judgment or order entered as aforesaid in a proceeding for probate ex parte, any person interested who was not a party to the proceeding, or any person who was not a party to a proceeding for probate in solemn form, may proceed by bill in equity to impeach or establish the will, on which bill, if required by any party, a trial by jury shall be ordered, to ascertain whether any, and if any, how much, of what was so offered for probate, be the will of the decedent. The court may require all other testamentary papers of the decedent to be produced, and the inquiry shall then be which one of all, or how much of any, of the testamentary papers is the will of the decedent. *If the judgment or order was entered by the circuit court on appeal from the county court, such bill shall be filed within two years from the date thereof, and if the judgment or order was entered by the county court and there was no appeal therefrom, such bill shall be filed within two years from the date of such order of the county court. If no such bill be filed within the time prescribed, the judgment or order shall be forever binding.* Any bill filed under this section shall be in the circuit court of the county wherein probate of the will was allowed or denied.

*Id.* (emphasis added).

■ There is no doubt that Appellant was barred by the statute of limitations to challenge the validity of the codicil at issue. This Court has recognized, in reference to the above-referenced version of West Virginia Code § 41–5–11, that "[t]his bill in equity must be filed within two years from the date of the judgment of the circuit court that has acted upon an appeal from a county commission, or must be within two years from a county commission's order if there was no appeal." *Barone v. Barone*, 170 W.Va. 407, 409, 294 S.E.2d 260, 262 (1982). We further held in syllabus point 3 of *Barone* that "[t]raditional will contests challenging admission to probate of a particular document or portions thereof are limited by the two-year statute of limitations in W.Va.Code, 41–5–11. Fraud or tort actions that are not triable in probate court, are subject to laches or tort statutes of limitations." *Barone*, 170 W.Va. at 408, 294 S.E.2d at 261.

Once the circuit court found that the relevant statute of limitations precluded Appellant's challenge to the codicil, her case was over. Appellant had no legal or factual basis for demanding that the circuit court require the Damron Estate to account to her for any interest in that estate.[6] Accordingly, the circuit court did not abuse its discretion by denying Appellant's request for an accounting.

### III. Conclusion

Based upon the foregoing, we affirm the order of the Circuit Court of Webster County, entered January 27, 1999.

Affirmed.

Justice SCOTT did not participate in the decision of the Court.

Judge GARY L. JOHNSON, sitting by temporary assignment.

---

**5.** In 1993, the West Virginia Legislature amended West Virginia Code § 41–5–11 to change that period to one year. It was again amended in 1994 to change the challenging period to six (6) months.

**6.** All comments appearing in the circuit court's order of September 5, 1997, discussing which party could have inherited under the codicil are not applicable to Appellant as her claim was barred by the statute of limitations.